UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYIRRAINCE DANIELS,

     Petitioner,

v.

SHERMAN CAMPBELL,

     Respondent.

Case No. 22-10431
Honorable Laurie J. Michelson

---

## OPINION AND ORDER DISMISSING CASE

Tyirraince Daniels is a Michigan prisoner and intends to file a petition for a writ of habeas corpus. (ECF No. 1.) But Daniels has not had law library access due to the coronavirus pandemic. And Daniels says that without law library access, he cannot "effectively research or present his case to the Court." (ECF No. 1, PageID.2.) Apparently, Daniels is concerned that by the time he prepares a habeas corpus petition, the statute of limitations to file it will have run. So Daniels has filed a "Motion to Extend Time." (ECF No. 1.) Additionally, Daniels asks for an order "compel[ing] the facility to provide case law and research material so [he] can continue researching his case." (ECF No. 1, PageID.2.) The clerk docketed Daniels' motion as a habeas petition under 28 U.S.C. § 2254. Because a motion is insufficient to commence a habeas action and the Court lacks jurisdiction to issue advisory opinions, the case will be summarily dismissed without prejudice.

The minimum requirements for filing a habeas petition under § 2254 require the petitioner to: "(1) specify all the grounds for relief available to the petitioner; (2)

state the facts supporting each ground; (3) state the relief requested; (4) be printed, typewritten, or legibly handwritten; and (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." Rules Governing Section 2254 Cases, Rule 2; *see also Gray v. Netherland*, 518 U.S. 152, 162–63 (1996) ("[A] claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the Petitioner to relief."); *Mayle v. Felix*, 545 U.S. 644, 655–56 (2005) (explaining that the pleading standard under Rule 2(c) is "more demanding" than the ordinary civil case and requires petitioners to "plead with particularity").

Daniels' "Motion to Extend Time" does not meet the requirements for commencing a habeas case. He does not indicate the grounds presented for habeas relief, the facts supporting each ground, or the habeas relief requested. Instead, he requests an extension of time to file a habeas petition. The case is therefore subject to summary dismissal for Daniels' failure to comply with Rule 2 of the Rules Governing Section 2254 Cases.

Further, the Court lacks jurisdiction to grant Daniels an extension of time before a habeas corpus petition is filed. The judicial power of federal courts is limited to "cases and controversies." *See* U.S. Const. art. III, § 2, cl. 1. A judicial decision rendered in the absence of a case or controversy is advisory, and "'a federal court [lacks] the power to render advisory opinions.'" *U.S. Nat. Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). "[N]o case or controversy generally exists before an actual

§ 2254 petition is filed." *United States v. Thomas*, 713 F.3d 165, 168 (3d Cir. 2013) (citation omitted). In *United States v. Asakevich*, the Sixth Circuit held that a district court could not rule on a prisoner's motion for extension of time to file a motion under 28 U.S.C. § 2255—which is similar to a petition for habeas corpus under § 2254— before the § 2255 motion was actually filed because that would amount to an advisory opinion for an action not yet in existence. *See* 810 F.3d 418, 420–21 (6th Cir. 2016). Daniels' motion is comparable to a request for an advisory opinion on whether he could obtain an extension of time for a petition not yet in existence and one that may never come into existence. Because Daniels does not currently have a habeas petition pending, his request for an extension of time (and to compel research materials) must be dismissed for lack of jurisdiction.

The Court is sympathetic to the many challenges pandemic-related restrictions impose on prisoners and notes that today's decision does not preclude Daniels from filing a habeas corpus petition in the future. The Court will dismiss this case without prejudice, so Daniels will not face a successive-petition bar. And it appears that Daniels still has ample time to file a petition. In pursuing his direct appeal, the Michigan Supreme Court denied Daniels' motion for leave on June 30, 2021. *See People v. Daniels*, 507 Mich. 999 (2021). If Daniels did not seek certiorari from the United States Supreme Court, then his petition likely would have become "final" 90 days later, on or around September 28, 2021. *See* 28 U.S.C. § 2244(d)(1)(A); *Sherwood v. Prelesnik*, 579 F.3d 581, 585 (6th Cir. 2009). It is now May 23, 2022, meaning that Daniels still has about four months to prepare a petition. Moreover, if Daniels were

to file a petition with the claims he wishes to pursue and access to the law library remains an issue, he could seek leave to amend that petition with more developed versions of those claims. *See* Fed. R. Civ. P. 15(a)(2).

* * *

For the reasons stated, the Court DISMISSES this case WITHOUT PREJUDICE. The Court DENIES a certificate of appealability and DENIES leave to proceed in forma pauperis on appeal. *See* Fed. R. App. P. 24(a). If Daniels wishes to initiate a § 2254 petition, he must do so by filing a petition in accordance with the Federal Rules of Civil Procedure and Rules Governing Section 2254 Cases.

SO ORDERED.

Dated: May 23, 2022

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

4